OPINION OF THE COURT
Edwin Kassoff, J.
In 1991 several ova were removed from Luz Arredondo and *758 fertilized in vitro with the sperm of her husband, petitioner Andres Arredondo. The fertilized ova were then implanted into the uterus of respondent Judith Nodelman. At the time of the implantation, respondent Nodelman was married and she and her husband signed affidavits stating that the Arredondos are the biological parents of the fertilized eggs which were implanted in Judith Nodelman and consenting to the Arredondos’ entitlement to a declaration of their parental right over the resulting children.
Respondent Nodelman gave birth to twins on May 29, 1992, the infant petitioners Alexia and Andres Arredondo. The birth certificates for the children list their last name as Arredondo, but list Nodelman as the mother, and do not list a father. The children were released from the hospital to the Arredondos.
In 1992, the petitioners brought petitions in Family Court seeking declarations that Andres Arredondo was the father of the children and Luz Arredondo was the mother of the children. In connection with the petitions certain genetic testing was performed which revealed that respondent Nodelman is excluded from being the biological mother of the children, that the probability of maternity for Luz Arredondo was 99.31% and 99.56%, and the probability of paternity for Andres Arredondo was 99.66% and 94.21% respectively. The Family Court granted the petitions for paternity of Andres Arredondo and issued an order of filiation declaring him to be the father of the children. However, the Family Court found that it did not have subject matter jurisdiction over the petitions seeking to have Luz Arredondo declared the mother of the children, since the Family Court is a court of limited jurisdiction and the statute makes no provision for the declaration of maternity.
Here the petitioners seek a declaration that Luz Arredondo is the mother of the children and an order directing the respondent City of New York to amend the birth certificates of the children to reflect Luz Arredondo as the mother of the children. The City does not oppose the petition insofar as it seeks to change the name of the mother listed on the children’s birth records to Luz Arredondo. No papers have been received from any other party.
This court concludes that Luz Arredondo is the mother of the petitioner children. From the affidavits submitted there is no dispute that the children born by respondent Nodelman resulted from the eggs of Luz Arredondo which were fertilized *759 by the sperm of her husband Andres Arredondo, and not from the eggs of Nodelman or the sperm of her husband. Indeed, the results of the genetic testing reveal that Nodelman could not be the mother of the children, and that it is highly probable that the Arredondos are the genetic parents of the children.
Accordingly, the petition is granted. This court declares that Luz Arredondo is the mother of the petitioner children and the respondent City is directed to issue new birth records for the children reflecting that fact.